## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JUDE BOLIERE,**

   **Plaintiff,**   **Case No. 2:22-cv-2246**

**v.**

**ROBERT BROGDEN'S OLATHE**
**BUICK-GMC INC.,**

   **Defendant.**   **Johnson County, KS Case No. 22CV02647**

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Robert Brogden's Olathe Buick GMC Inc. ("Defendant"), by and through its undersigned counsel of record and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes to this Court the state court action originally commenced in the District Court of Johnson County, Kansas styled *Jude Boliere v. Robert Brogden's Olathe Buick-GMC Inc.,* Case No. 22CV02647.  Defendant removes this case on grounds of federal question jurisdiction because Plaintiff Jude Boliere ("Plaintiff") alleges violations of Title VII of the Civil Rights Act of 1964, violations of the Civil Rights Act of 1866, and violations of the Age Discrimination in Employment Act of 1967.

A copy of this Notice of Removal is being served upon all other parties and is also attached to the Notice of Removal of Action to Federal Court being filed with the Clerk of the District Court of Johnson County, Kansas.

In support of removal, Defendant avers as follows:

1.      Plaintiff filed an action styled *Jude Boliere v. Robert Brogden's Olathe Buick-GMC Inc.*, Case No. 22CV02647, in the District Court of Johnson County, Kansas on May 31, 2022.  Service was made on Defendant on June 2, 2022.  This Notice of Removal is timely.  As required under § 1446(a), a copy of the state court Petition is attached as Exhibit 1.  As required under § 1446(a), a copy of the state court file containing copies of all process, pleadings, and orders served on Defendant are filed simultaneously to this removal.

2.      Plaintiff purports to assert claims against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), 42 U.S.C. § 1981 (Civil Rights Act of 1866), as amended ("§ 1981"), the Age Discrimination in Employment Act of 1967, as amended and, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), for race, age and national origin discrimination, retaliatory, and other unlawful conduct arising out of his hourly employment at Robert Brogden's Olathe Buick-GMC Inc. ("Brogden's Buick") located in Olathe, Kansas. (Petition, ¶ 1).

3.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has federal question jurisdiction.

4.      The undersigned counsel is authorized by Defendant to file this Notice of Removal; and, counsel are members of the Bar of this Court.

5.      Pursuant to the rules of this Court, Defendant submits herewith a filing fee of $402.00.

2

**Procedural Statement**

6.      Defendant was served with Plaintiff's Summons and Petition on June 2, 2022.

Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28

U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)

(notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the

complaint).


7.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and

Petition are attached hereto as Exhibit 1.


8.      Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the

District of Kansas, Kansas City Division, is proper because the district and division embrace the

District Court of Johnson County, Kansas, where this action is currently pending.


9.      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this

Notice of Removal in the District Court of Johnson County, Kansas, and give written notice of

the removal to Plaintiff.


**Federal Question Jurisdiction**

10.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because

Plaintiff's allegations arise under the Constitution, laws or treaties of the United States.  28

U.S.C. § 1331.

11.     Plaintiff's Petition alleges that Defendant Brogden's Buick intentionally discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), national origin, specifically stating:

> "Defendant subjected Plaintiff to harassment and discrimination because of Plaintiff's national origin as Caribbean.  Defendant discriminated against Plaintiff on the basis of National origin when he was harassed by a supervisor of Defendant in Defendant's workplace and subsequently his pleas and complaint to Defendant to stop and remedy the national origin harassment went unanswered.  Defendant's national origin harassment against Plaintiff by a male supervisor created a hostile work environment.  Mr. Boliere's national origin was a motivating factor of the discrimination and harassment Mr. Boliere experienced from Defendant. Defendant's conduct was undertaken with a conscious, reckless disregard for Plaintiff's right to be free from discrimination in the workplace."

(Petition, ¶¶ 41-45.)  Plaintiff's prayer in his Petition "prays for the Court to find Defendant has violated Title VII and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court make such other orders as it may deem just and proper in the circumstances."

12.     Plaintiff's Petition alleges that Defendant Brogden's Buick intentionally discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and § 1981, race discrimination, specifically stating:

> "The acts described herein constitute race discrimination and harassment.  Mr. Boliere is a member of a protected class by reason of his African American race. Plaintiff was hired into and maintained a position for which Plaintiff was qualified. Mr. Boliere was subjected to race discrimination and harassment by Defendant in the following ways, including, but not limited to: when a supervisor said the derogatory racist term "[n]word]" loudly in front of Mr. Boliere; Defendant subjected Mr. Boliere to a hostile and unfair treatment as a result of the racist term being thrown about so liberally; by Defendant falsely accusing Mr. Boliere of saying racially insensitive comments in an effort to unlawfully terminate his employment; by singling out Mr. Boliere for discipline; and, denying Mr. Boliere opportunities for advancement for interfering with Mr. Boliere's job duties as a result of his race.  Plaintiff was not treated equally with regard to Defendant's

application of their own workplace policies.   Defendant's management level employees acting within the course and scope of their employment engaged in intentional discrimination against Plaintiff on the basis of his race.   But for Plaintiff's African American race, Plaintiff would not have suffered discriminatory treatment from Defendant.   Defendant then finalized and/or ratified the discriminatory denial of Plaintiff employment opportunities on the basis of his race when they took an adverse action by unlawfully demoting and discharging Plaintiff from his employment as aforementioned herein.   Defendant through their representatives, agents, and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's lawfully protected rights under Title VII and § 1981."

(Petition, ¶¶ 47-55.)  Plaintiff's prayer in his Petition "prays for the Court to find Defendant has violated §1981 and Title VII and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court make such other orders as it may deem just and proper in the circumstances."

13.     Plaintiff's Petition alleges that Defendant Brogden's Buick intentionally discriminated against Plaintiff in violation of 29 U.S.C. 621 *et seq.*, as amended, The Age Discrimination in Employment Act of 1967 ("ADEA"), specifically stating:

"Plaintiff is a 60-years old African American man and was discriminated against because of his age and was paid a lower wage than other similarly situated employees and was demoted in favor of younger employees with less experience as alleged herein."

(Petition, ¶¶ 41-45.)  Plaintiff's prayer in his Petition "prays for the Court to find Defendant has violated 29 U.S.C. 621 *et seq.* and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court make such other orders as it may deem just and proper in the circumstances."

14.     Plaintiff's Petition alleges that Defendant Brogden's Buick intentionally discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), § 1981, and the ADEA, retaliation, specifically stating:

> "Mr. Boliere suffered an adverse employment action as a consequence of engaging in protected activity under Title VII, § 1981, and ADEA, including but not limited to demotion, lesser wages, micromanagement, less favorable job duties, interference with business opportunities, and termination as described and aforementioned herein this petition.  There is a direct connection between Mr. Boliere's protected activity of speaking up about and reporting the age, racially and national origin harassment and racist actions of the Defendant and the adverse employment action taken by Defendant."

(Petition, ¶¶ 41-45.)  Plaintiff's prayer in his Petition "prays for the Court to find Defendant has violated Title VII, § 1981, and the ADEA and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court make such other orders as it may deem just and proper in the circumstances."

15.     Accordingly, all Plaintiff's claims are a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and may be removed to this Court under the provisions of 28 U.S.C. § 1441(a).

Wherefore, Defendant Robert Brogden's Olathe Buick GMC Inc. respectfully requests that the above-referenced state court action be removed from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas, that the Court accept jurisdiction of this case, and that the Court grant such other relief as Defendant may show itself entitled that is consistent with said removal that the Court deems to be reasonable, appropriate, and just.

Respectfully submitted,

**Case Linden P.C.**

s/Ellen C.T. Mathis
Kevin D. Case, KS 14570
Ellen C.T. Mathis; KS 28413
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:  (816) 979-1500
Fax:  (816) 979-1501
kevin.case@caselinden.com
ellen.mathis@caselinden.com
Attorneys for Defendant

## Certificate of Service

I hereby certify that on June 23, 2022, a true and correct copy of the above and foregoing was filed by electronic filing with the Clerk of the Court in the CM/ECF system, and served via electronic mail and U.S. Mail, postage prepaid, to the following counsel of record:

Gerald Gray
G. Gray Law, LLC
104 W. 9th St., Ste. 401
Kansas City, MO 64105
ggraylaw@outlook.com
Attorney for Plaintiff

s/Ellen C.T. Mathis
Ellen C.T. Mathis