22CV02647
Div2

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| **JUDE BOLIERE**    )<br>   15301 W. 122nd    )<br>   Olathe, Kansas 66062    )<br>   **Plaintiff,**    )<br>vs.    )<br>    )<br>**ROBERT BROGDEN'S OLATHE**    )<br>**BUICK-GMC INC.**    )<br>   1500 E. Santa Fe Street    )<br>   Olathe, Kansas 66061    )<br>   **Defendant.**    )  | CASE NO.<br><br>DIVISION |

### PLAINTIFF'S PETITION FOR DAMAGES

**COMES NOW** the Plaintiff, **JUDE BOLIERE** ("Mr. Boliere" or "Plaintiff"), by and through his attorney, **Gerald Gray II**, and the law office of **G. Gray Law, LLC** for his Petition for a cause of action against defendant, ROBERT BROGDEN'S OLATHE BUICK-GMC INCORPOARTED ("Defendant or dealership") on claims of discrimination and retaliation. Plaintiff seeks compensatory and punitive damages against **Defendant** and states as follows:

### NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.    Plaintiff brings this action against Defendant for discriminatory, retaliatory, and other unlawful conduct in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, as amended and, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), as a result of Defendant: a) unlawful denial of Mr. Boliere's employment opportunities based on his race, national origin, and age; b) retaliation for reporting wrongful conduct of discrimination and retaliation; and c) engaging in other related lawful acts, conduct, and practices. Mr. Boliere seeks compensatory and punitive damages against Defendant and states as follows:

*Clerk of the District Court, Johnson County Kansas*
*05/31/22  11:56pm CC*

**EXHIBIT 1**

2. The acts, conduct, and practices which form the basis for this action have resulted in Defendant discriminating against Mr. Boliere on the basis of his race, national origin, and age, with respect to the terms, conditions, and privileges of his employment; and the procedure or manner in which Defendant evaluated Mr. Boliere's qualifications for continued employment opportunities has resulted in prohibited race, national origin, and age discrimination, as well as retaliation.

3. The related acts of conduct and practices of Defendant are a violation of Title VII, §1981, and the ADEA.

4. The unlawful conduct of Defendant, which deprived Mr. Boliere of his employment and directly resulted in the significant loss of financial compensation and other benefits which she would have earned and been entitled to but for the discrimination and retaliation alleged in this Petition.

5. In violation of Title VII, §1981, and the ADEA. Defendant repeatedly and continuously discriminated and retaliated against Mr. Boliere for engaging in protected activity, including, but not limited to, his reporting national origin and racially discriminatory behavior of agents of Defendant; as well as hostile treatment she received from his managers, supervisors, and co-workers; and, by engaging in other conduct protected by law.

6. Defendant' decision to unjustifiably terminate Mr. Boliere was a pretext for unlawful race, national origin, and age discrimination, in violation of Title VII, §1981, and the ADEA prohibiting discrimination against any employee.

**PARTIES, JURISDICTION, AND VENUE**

7. Mr. Boliere resides at 15301 W 122nd, Olathe, Johnson County, Kansas 66062, and is a citizen of the United States of America. Up until his discharge, Mr. Boliere had been a

productive employee of Defendant for about eight months from approximately September 2020 until May 2021. He is a 48-year-old African American male.

8. Robert Brogden's Olathe Buick-GMC Incorporated ("Defendant") is incorporated under Delaware law with headquarters at 1500 E. Santa Fe Street, Olathe, Johnson County, Kansas 66061. Defendant operates a car dealership where Plaintiff was employed at the Santa Fe location aforementioned. Therefore, Defendant has sufficient contacts with this state for the Court to exercise personal jurisdiction in this matter.

9. At all times during Plaintiff's employment with Defendant, they were an "employer" as defined by Title VII, §1981, and the ADEA.

10. At all times during Plaintiff's employment with Defendant, they were an "employer" as defined by Title VII, and the ADEA, specifically 42 U.S.C. § 2000e, 29 U.S.C. § 630(b), because Defendant was engaged in an industry affecting commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every year of Plaintiff's employment with Defendant.

11. At all times during Plaintiff's employment with DEFENDANT, they were an "employer" as defined by the KAAD, specifically K.S.A. § 44-1112(d), because DEFENDANT employed four or more persons in Kansas at all times during Plaintiff's employment.

12. At all times during Plaintiff's employment with DEFENDANT, DEFENDANT was Plaintiff's employer for purposes of the common law of Kansas, and federal law because it controlled all aspects of her employment with DEFENDANT.

*Clerk of the District Court, Johnson County Kansas*
*05/31/22  11:56pm CC*

13. DEFENDANT treated Plaintiff as an employee as it related to taxes, unemployment compensation, workers' compensation, and compensation as it pertains to wages and benefits.

14. This Court has jurisdiction over the claims set out in this complaint under 28 U.S.C. §1331 because Plaintiff's claims arise under federal law.

15. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's Kansas law claims because such claims form part of the same case or controversy under Article III of the United States Constitution in that Plaintiff's federal and state law claims derive from a common nucleus of operative facts and they would ordinarily be expected to be tried in one judicial proceeding.

16. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

17. DEFENDANT is subject to personal jurisdiction in Kansas because DEFENDANT's conducts substantial and ongoing business in Kansas, and as alleged herein, committed unlawful discriminatory acts and tortious conduct in Kansas.

18. Mr. Boliere seeks recovery in excess of $75,000.00 for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees.

19. Plaintiff filed an amended charge of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about August 28, 2021, regarding claims of race, national origin, and age discrimination as well

as retaliation and other unlawful acts, conduct, and practices set forth within those charges and arising out of and related to that therein are included with this Petition.

20. EEOC assigned Plaintiff's Charge number 563-2021-00539.

21. The EEOC placed in outgoing mail to Plaintiff a Notice of Right to Sue with respect to said charges on March 2, 2022. Plaintiff filed this action within 90 days of receipt of said Notice of Right to Sue. (A copy of the charges and right to sue letter is attached as Exhibit A).

22. Plaintiff has exhausted all his administrative remedies with the EEOC. Plaintiff has fully complied with any and all prerequisites to jurisdiction in this Court under Title VII, §1981, and the ADEA and related law.

## FACTUAL ALLEGATIONS

23. At all times Mr. Boliere was employed as an at-will employee of Defendant.

24. Mr. Boliere began work at Defendant as a manager earning a salary of $5,000 monthly plus 1% gross profit.

25. Mr. Boliere received very little training and was not taught how to use the software nor the way the dealership conducted business.

26. Mr. Boliere was asked to work back and forth between the new and used car dealership.

27. The used car manager, Nathaniel Garibaldo ("Garibaldo") was angry after Mr. Boliere told him that Phil Skid ("Skid"), General manager told him to come work in Garibaldo's department and Mr. Boliere believes that his race was the main reason for the discontent.

28. Garibaldo refused to help Mr. Boliere in any way despite Mr. Boliere's request.

29. A few weeks after Mr. Boliere was hired, on or about October 15, 2020 a new manager who was much younger and his salary was much higher than Mr. Boliere's.

30. On or about November 1, 2020, Mr. Boliere was told by Skid that the dealership could not afford to continue to pay him at a manager salary because November was a slow month but Plaintiff could continue to work as a salesman if he wanted.

31. Plaintiff elected to stay on as a salesman but the dealership hired another manager who was white and much younger than Plaintiff right after Mr. Boliere was demoted.

32. In the middle of November 2020, Mr. Boliere was removed from his office and placed in an open area with no privacy.

33. Mr. Boliere's sales efforts were sabotaged by the dealership in favor of other employees who were younger and not African American.

34. When Mr. Boliere was in the middle of a sale and another salesperson had a customer interested in the same vehicle, management allowed the sale to go the other employee when she complained and after a disagreement, she began to call Mr. Boliere racial slurs and use profanity.

35. Mr. Boliere was subjected to multiple incidents where he was called racial slurs and subjected to profanity which caused a hostile working environment.

36. Mr. Boliere would have to use his own cellphone and personal PC to conduct sales.

37. Several young white managers were hired between November 2020 and April 2021.

38. On or about December 4, 2020, Mr. Boliere contacted the EEOC to file a charge of discrimination related to the treatment he had received since being hired at the dealership and how he was paid a lower wage than others and was demoted and subjected to racial and hostile working conditions.

39. Mr Boliere also reported the treatment he received to management and reported that he had filed a charge with the EEOC.

40. On or about December 23, 2020, another incident occurred where a manager began to curse at Mr. Boliere and other salesmen to the point where a customer who had bought many vehicles in the past vowed to never buy another vehicle from the dealership.

41. On January 20, 2021, Mr. Boliere was called a "nigger" by Skid, the GM, along with two other employees in a meeting.

42. Mr. Boliere reported the incident but to his knowledge, no action was taken.

43. On or about February 22, 2021 Mr. Boliere requested to be transferred to a new dealership that was recently acquired by Defendant but his request was denied and he was told to be careful because they want to get rid of him and that Todd Chenault told all other managers to micromanage Mr. Boliere and report any issues or incidents of misconduct.

44. On or about May 4, 2021, Mr. Boliere was terminated after another salesman confronted him regarding the sale of a vehicle.

45. To Mr. Boliere's knowledge Defendant did nothing to remedy the harassing speech and conduct of management.

*Clerk of the District Court, Johnson County Kansas*
*05/31/22  11:56pm CC*

46. Additionally, on multiple occasions throughout his tenure Mr. Boliere heard another employee use the term "[n-word]", a viciously racist derogatory slur, around and directed at Mr. Boliere.

47. To Mr. Boliere's knowledge Defendant did nothing to remedy the offensive speech of the racist coworkers or management.

48. Upon information and belief, Mr. Boliere believes that management conspired with employees to make false allegations against him in an effort to either fire Mr. Boliere or get him to quit his employment at Defendant.

49. Mr. Boliere had high hopes for his new job with Defendant only to have his stream of income shut off when Defendant unlawfully terminated Mr. Boliere which resulted in a substantial hardship.

50. Plaintiff suffered lost wages and benefits from Defendant, for past and future earnings he would have been entitled to and received but for her discriminatory and unlawful termination by Defendant.

51. In addition to the severe economic loss, Mr. Boliere has also suffered significant anxiety because of Defendant' unlawful termination

## COUNT I:

**Prohibited National Origin Discrimination and Harassment (in Violation of Title VII)**

COMES NOW, the Plaintiff, and for Count I of his cause of action for discrimination pursuant to Title VII states:

40. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

41. Defendant subjected Plaintiff to harassment and discrimination because of Plaintiff's national origin as Caribbean.

42. Defendant discriminated against Plaintiff on the basis of national origin when he was harassed by a supervisor of Defendant in Defendant' workplace and subsequently his pleas and complaint to Defendant to stop and remedy the national origin harassment went unanswered.

43. Defendant' national origin harassment against Plaintiff by a male supervisor created a hostile work environment.

44. Mr. Boliere's national origin was a motivating factor of the discrimination and harassment Mr. Boliere's experienced from Defendant.

45. Defendant' conduct was undertaken with a conscious, reckless disregard for Plaintiff's right to be free from discrimination in the workplace.

WHEREFORE, Plaintiff prays for the Court to find Defendant have violated Title VII and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT II

**Prohibited Race Discrimination (in Violation of Title VII and §1981)**

COMES NOW, Plaintiff, and for Count II of her cause of action for discrimination pursuant to Title VII and §1981 states:

46. Mr. Boliere restates and incorporates by reference, each and every paragraph herein this Petition as if fully set forth herein.

47. The acts described herein constitute race discrimination and harassment.

48. Mr. Boliere is a member of a protected class by reason of his African American race.

49. Plaintiff was hired into and maintained a position for which Plaintiff was qualified.

50. Mr. Boliere was subjected to race discrimination and harassment by Defendant in the following ways, including, but not limited to: when a supervisor said the derogatory racist term "[n-word]" loudly in front of Mr. Boliere; Defendant subjecting Mr. Boliere to a hostile and unfair treatment as a result of the racist term being thrown about so liberally; by Defendant' falsely accusing Mr. Boliere of saying racially insensitive comments in an effort to unlawfully terminate his employment; by singling out Mr. Boliere for discipline; and, denying Mr. Boliere opportunities for advancement for interfering with Mr. Boliere's job duties as a result of his race.

51. Plaintiff was not treated equally with regard to Defendant' application of their own workplace policies.

52. Defendant' management level employees acting within the course and scope of their employment engaged in intentional discrimination against Plaintiff on the basis of his race.

53. But for Plaintiff's African American race, Plaintiff would not have suffered discriminatory treatment from Defendant.

54. Defendant then finalized and/or ratified the discriminatory denial of Plaintiff employment opportunities on the basis of his races when they took an adverse action by unlawfully demoting and discharging Plaintiff from his employment as aforementioned herein.

55. Defendant through their representatives, agents, and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's lawfully protected rights under Title VII and §1981.

56. The actions and conduct set forth herein were outrageous, showed evil motive, reckless indifference, or conscious disregard for the rights of Plaintiff and others, therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and deter them and others like them from similar discriminatory conduct.

57. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for the Court to find Defendant have violated §1981 and Title VII and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT III-
### Prohibited Discrimination (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.)

COMES NOW, the Plaintiff, and for Count III. of his cause of action for discrimination pursuant to 29 U.S.C. §§ 621 *et seq*. ("ADEA") states:

58. Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein this Petition as if fully set forth herein this Paragraph.

59. Plaintiff is a 60-years old African American man and was discriminated against because of his age and was paid a lower wage than other similarly situated employees and was demoted in favor of younger employees with less experience as alleged herein.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 29 U.S.C. 621 *et seq*. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress,

and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT *IV*-

### Prohibited Retaliation (in Violation of Title VII §1981, ADEA)

COMES NOW, the Plaintiff, and for Count IV of his cause of action for Retaliation pursuant to Title VII, §1981, ADEA states:

58.     Mr. Boliere engaged in protected activity under Title VII §1981, ADEA, the as described and aforementioned herein this petition.

59.     Mr. Boliere suffered an adverse employment action as a consequence of engaging in protected activity under Title VII, §1981 and ADEA.  including but not limited to demotion, lesser wages, micromanagement, less favorable job duties, interference with business opportunities, and termination as described and aforementioned herein this petition.

60.     There is a direct connection between Mr. Boliere's protected activity of speaking up about and reporting the age, racially and national origin harassment and racist actions of the Defendant and the adverse employment action taken by Defendant.

WHEREFORE, Plaintiff prays for the Court to find Defendant have violated Title VII, §1981 and the ADEA and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

  i)  Defendant is ordered to make Plaintiff whole by providing appropriate back and front pay and benefits, with prejudgment interest, in amounts to be proved at trial

  ii)  Plaintiff is awarded extraordinary and/or equitable relief as permitted by law, equity and any and all applicable statutory provisions related hereto;

  iii)  Plaintiff is awarded all compensatory, restitutionary, and/or remedial relief;

  iv)  Plaintiff is awarded pre-judgment interest and post-judgment interest, as well as her reasonable attorneys' fees, expert witness fees and other costs; and,

  v)  Plaintiff is awarded such other legal and equitable relief as the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all of the allegations contained in this Petition that are triable before a jury.

**RESPECTFULLY SUBMITTED,**

/s/ *Gerald Gray II*

Gerald Gray II, #26749
**G. GRAY LAW, LLC**
104 W. 9TH STREET, SUITE 401
KANSAS CITY, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com
**ATTORNEY FOR PLAINTIFF-MR. BOLIERE**

*Clerk of the District Court, Johnson County Kansas*
*05/31/22  11:56pm CC*

22CV02647
Div2

# Ex. A


**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Kansas City Area Office
400 State Ave, Suite 905
Kansas City, KS 66101
(913) 340-8810
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/02/2022

**To:** Mr. Jude Boliere
Post Office Box 2951
Olathe, KS 66063

Charge No: 563-2021-00539

EEOC Representative and email:   Joseph Rodriguez
Investigator
Joseph.rodriguez@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 563-2021-00539.

*Clerk of the District Court, Johnson County Kansas*
*06/01/22  11:46am MM*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Kansas City Area Office
400 State Ave, Suite 905
Kansas City, KS 66101
(913) 340-8810
Website: www.eeoc.gov

On Behalf of the Commission:

**Natascha DeGuire**
Digitally signed by Natascha DeGuire
Date: 2022.03.02 11:11:29 -06'00'

Natascha DeGuire
Area Director

**cc:**
Megan Morrison
Office Manager
Robert Brogden Buick GMC
mmorrison@brogdenauto.com

Kevin Case
Attorney
Case Linden PC
kevin.case@caselinden.com

Phil Skid
General Manager
Robert Brogden's Olathe Buick-GMC Inc
pskid@brogdenauto.com

Ellen C. Mathis
Attorney
Case Linden P.C.
ellen.mathis@caselinden.com

Gerald Gray
Attorney at Law Gray Law LLC
ggraylaw@outlook.com

Please retain this notice for your records.

*Clerk of the District Court, Johnson County Kansas*
*06/01/22  11:46am MM*

Enclosure with EEOC Notice of Closure and Rights (Release Date)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

*Clerk of the District Court, Johnson County Kansas*
*06/01/22  11:46am MM*

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 563-2021-00539 to the District Director at David Davis, 1222 Spruce St Rm 8 100 St Louis, MO 63103. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

*Clerk of the District Court, Johnson County Kansas*
*06/01/22  11:46am MM*